**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

| | |
|---|---|
| ABERCROMBIE & FITCH STORES, INC.<br>6301 Fitch Path<br>New Albany, OH 43054<br><br>Plaintiff,<br><br>vs.<br><br>WRIGHT PACKAGING, INC.<br>c/o Registered Agent R. Scott Van Vooren<br>220 North Main Street, Suite 600<br>Davenport, IA 52901<br><br>-and-<br><br>MEGAN WRIGHT WINTERS<br>51 Pembroke Drive<br>Lake Forest, IL 60045<br><br>Defendants. | Case No. ________________________ |

**COMPLAINT**

Plaintiff Abercrombie & Fitch Stores, Inc. ("Abercrombie"), by its counsel, and for its complaint (the "Complaint") against Defendants Wright Packaging, Inc. and Megan Wright Winters (collectively "Defendants"), alleges the following:

**<u>INTRODUCTION</u>**

1. Abercrombie brings this case pursuant to Iowa Code Chapter 684 for an Order and Judgment from this Court against the Defendants to direct the avoidance of certain transfers of money, assets or other benefits from Wright Packaging, Inc. to Megan Wright Winters, and to levy execution on the avoided transfers to Abercrombie in an amount sufficient to satisfy a judgment held

by Abercrombie against Wright Packaging, Inc., plus costs and interest and other relief as this Court may award.

2. In 2008, Wright Packaging, Inc. sued Abercrombie in this Court, which lawsuit was assigned case number 3:08-cv-102 for the Southern District of Iowa., Davenport Division.

3. Abercrombie counterclaimed against Wright Packaging, Inc.

4. The case was tried to a jury (the "Trial"), which returned a verdict in favor of Abercrombie and against Wright Packaging, Inc. That verdict was entered as an Order by this Court on June 28, 2010, which dismissed with prejudice the claims of Wright Packaging, Inc., and awarded judgment in favor of Abercrombie in the amount of $634,000.

5. The Court later increased the amount of judgment in favor of Abercrombie and against Wright Packaging, Inc. to the amount of $649,087.94 by taxing costs to Wright Packaging, Inc. from Abercrombie's Bill of Costs in the amount of $15,087.94.

6. To date, Abercrombie's judgment remains completely unsatisfied.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 exclusive of costs and interest, and there is diversity of citizenship.

8. Personal jurisdiction exists in this Court because Wright Packaging, Inc. is incorporated in Iowa and is located in this District, Ms. Wright Winters lived in this District at all relevant times to this Complaint and Defendants conducted business in this District, including business with Abercrombie.

9. Venue exists in this Court under 28 U.S.C. § 1391 as it is a judicial district in which a substantial part of the events giving rise to the claim occurred.

**PARTIES AND BACKGROUND**

10. Plaintiff Abercrombie is a business incorporated in the state of Ohio with its headquarters and principal place of business located in New Albany, Ohio.

11. Defendant Wright Packaging, Inc. is a business incorporated in the state of Iowa with its sole location and principal place of business located in Davenport, Iowa.

12. Defendant Megan Wright Winters is an individual who, at all relevant times to this Complaint, held the title of CEO of Wright Packaging, Inc. and lived within this District in or near Davenport, Iowa.

13. Between 2006 to present, defendant Wright Packaging, Inc. transferred certain money, assets or other benefits to Megan Wright Winters. These transfers included, without limitation, money, assets or other benefits at least in the amounts of $1,295,387.57 in 2006, $506,166.71 in 2007, $410,118.28 in 2008 and $14,423.08 in 2009.

14. Any consideration received by Wright Packaging, Inc. in exchange for giving the money, assets or other benefits to Megan Wright Winters was not reasonably equivalent to the value of the money, assets or other benefits.

15. During the Trial of the prior litigation between Wright Packaging, Inc. and Abercrombie, Wright Packaging, Inc.'s own trial counsel made the following statement in closing:

> Now, with respect to Wright [Packaging, Inc.], did Wright [Packaging, Inc.] make business mistakes in the past? Absolutely. Did it pay Megan [Wright Winters] too much money? Absolutely.

16. During the course of this case, Abercrombie may learn (through discovery or otherwise) of additional transfers made by Wright Packaging, Inc. to Megan Wright Winters during the five years prior to the filing date of the Complaint. By virtue of this Complaint, Abercrombie is seeking to avoid and recover all such transfers . The term "Transfer," as used herein, refers to all transfers made by Wright Packaging, Inc. during the five years prior to the filing date of the

Complaint of any money, interest in property or other benefit to Megan Wright Winters, whether or not each such transfer is specifically identified in the Complaint.

17. At the time the Transfers were made, Wright Packaging, Inc. was engaged or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

18. In the alternative, at the time the Transfers were made, Wright Packaging, Inc. intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

19. During the Trial of the prior litigation between Wright Packaging, Inc. and Abercrombie, and consistent with his written expert report, Wright Packaging, Inc.'s damages expert admitted that Wright Packaging, Inc.'s financial statements indicated a net negative shareholder value during 2005 and beyond.

## CLAIM FOR RELIEF

20. Abercrombie incorporates, as if fully rewritten herein, each and every averment set forth in paragraphs 1 through 19 of this Complaint.

21. Abercrombie is a creditor and Wright Packaging, Inc. is a debtor to Abercrombie by judgment entered by Order of this Court, as those terms are used under Iowa Code §§ 684.1 and 684.7.

22. The Transfers were transfers of money, assets or other benefits.

23. The Transfers were made within five years of the filing date of this Complaint.

24. The Transfers were made without receiving a reasonably equivalent value in exchange for the Transfers.

25. With respect to each Transfer, either (1) Wright Packaging, Inc. was engaged or about to engage in a business or transaction for which the remaining assets of Wright Packaging, Inc. were unreasonably small in relation to the business or transaction, or, in the alternative, (2)

Wright Packaging, Inc. intended to incur, or believed or reasonably should have believed that Wright Packaging, Inc. would incur, debts beyond its ability to pay as they became due.

26. The Transfers constitute fraudulent transfers under Iowa Code § 684.4 and therefore Abercrombie is entitled to avoid the Transfers made to Megan Wright Winters by Wright Packaging, Inc.

WHEREFORE, plaintiff Abercrombie & Fitch Stores, Inc. demands judgment as follows: (1) avoiding the Transfers pursuant to Iowa Code § 684.4 as to both Defendants; (2) levying execution by directing both Defendants to pay to Plaintiff the value of the Transfers, in the amount of $649,087.94, plus interest and costs; and (3) granting such other relief as the Court deems just and proper.

BETTY, NEUMAN & McMAHON, P.L.C.

By: *<u>/s/ Martha L. Shaff</u>*
Martha L. Shaff #AT0007215

111 East Third Street, Suite 600
Davenport, IA 52801-1596
(563) 326-4491
(563) 326-4498 (FAX)
E-mail address: mls@bettylawfirm.com

ATTORNEYS FOR PLAINTIFF
Abercrombie & Fitch Stores, Inc.